Rule 9(G) enumerates those documents or other information that are exceptions to this general policy of public access. Many of the exceptions listed in Rule 9(G) represent fields of confidentiality established by legislative determination, such as adoption records (Rule 9(G)(1)(b)(i)) or pre-sentence reports (Rule 9(G)(1)(b)(vii)). Other exceptions flow from this Court's authority, such as the Social Security numbers of living persons (Rule 9(G)(1)(c)) or personal information about jurors (Rule 9(G)(1)(b)(xii)). Finally, the list of exceptions in Rule 9(G) recognizes that certain other information may be excluded from public examination "by specific court order." Rule 9(G)(1)(c). The mechanism for seeking to exclude information of this last sort appears in Rule 9(H), titled "Prohibiting Public Access to Information in Court Records."

■ That a communication is privileged under statute or rule or some common law principle should and typically does shield it from discovery by others, but does not exclude it from public access once the information has been submitted to a court. Thus, the protection recognized in *Richey v. Chappell* does not by itself exclude documents submitted to a court from public access under the terms of Administrative Rule 9(G).

■ Instead, a party or a non-party who tenders documents or information that would be otherwise privileged must request that the court exclude that particular information from public access. Administrative Rule 9(H) provides a process by which any person affected by the release of information may ask the court to exclude it from public access, requires a public hearing before the trial court can grant such exclusion, and lists the grounds on which the court can do so (such as "significant risk of substantial harm").

Other than claiming protection under *Richey*, Waste Management does not proffer any particularized arguments about why the grounds enumerated in Rule 9(H) would have warranted the trial court in excluding the documents it has tendered.

Accordingly, we vacate the trial court's order of April 13, excluding materials from public view.

DICKSON, SULLIVAN, and RUCKER, JJ., concur.

BOEHM, J., not participating.

**In the Matter of Katherine E. JACKEL, Respondent.**

**No. 98S00–0810–DI–544.**

Supreme Court of Indiana.

Oct. 15, 2008.

*PUBLISHED ORDER IMPOSING RECIPROCAL DISCIPLINE*

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Ohio and requesting, pursuant to Indiana Admission and Discipline Rule 23(28). that reciprocal discipline be imposed in this stale. This case is now before this Court for final resolution.

Respondent was admitted 10 practice law in Indiana and in Ohio. On May 1, 2008, the Supreme Court of Ohio found Respondent's conduct violated that jurisdiction's rules of professional conduct.

For this misconduct. Respondent was suspended from the practice of law in Ohio for two years. Respondent has executed an "Affidavit Waiving Service of Process and Consenting to Jurisdiction and Disciplinary Sanction." stating that she consents to suspension in Indiana for two years "and until she is reinstated thereafter to the practice of law in Indiana pursuant to Indiana Admission and Discipline Rule 23(4)."

Being duly advised, **the Court suspends Respondent from the practice of law in this state for a period of two years, effective immediately.** Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). Pursuant to Respondent's consent, at the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state under Admission and Discipline Rule 23(4).

The Clerk of this Court is directed to forward notice of this Order to Respondent or Respondent's attorney, to the Indiana Supreme Court Disciplinary Commission, to the Supreme Court of Ohio, to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). and to Thomson/West for publication in the bound volumes of this Court's decisions.

All Justices concur.